

# NUMBER 13-23-00454-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ANTONIO ANDRES GARCIA,                                    Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Longoria, Silva, and Peña
### Memorandum Opinion by Justice Peña

This cause is before the Court on its own motion. On October 25, 2023, the Clerk of this Court notified pro se appellant that it appeared the appeal was not timely perfected in this matter. Pro se appellant was further informed the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.

In response, pro se appellant filed a letter asking the Court to assert jurisdiction over the matter; however, pro se appellant failed to cure the defect.

On February 18, 2004, the trial court issued a judgment adjudicating guilt. On October 20, 2023, pro se appellant filed a notice of appeal of sentence.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial is timely filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, *within* fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Pro se appellant's notice of appeal, filed many years after the sentence was imposed, is untimely. Accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

The Court, having examined and fully considered the documents on file and pro se appellant's failure to timely perfect his appeal, is of the opinion that the appeal should

be dismissed for want of jurisdiction. Pro se appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal hereby is dismissed for want of jurisdiction.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
7th day of December, 2023